969 So.2d 447 (2007)
BROWARD COUNTY SHERIFF'S OFFICE, a governmental entity, Appellant,
v.
Charles BRODY and Sharon Brody, individually and as Natural Parents of Eric Brody, and as Co-Guardians for the Guardianship of Eric Brody, Appellees.
Nos. 4D06-1149, 4D06-1240.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
Rehearing Denied December 20, 2007.
Nancy W. Gregoire of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., Fort Lauderdale, for appellant.
Philip M. Burlington and Bard Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Lance J. Block of Searcy Denney Scarola Barnhart & Shipley, P.A., Tallahassee, for appellees.
*448 HAZOURI, J.
Broward County Sheriff's Office (BSO) appeals a jury verdict and amended final judgment of $30,690,298.00 entered in favor of Charles Brody and Sharon Brody, individually and as the Natural Parents of Eric Brody, as Co-Guardians for the Guardianship of Eric Brody. BSO raises four points on appeal with various sub-parts. We affirm in all respects and write only to discuss BSO's argument that the trial court abused its discretion in admitting into evidence handwritten summaries prepared during the testimony of certain witnesses called by Brody and permitting those handwritten summaries to be taken back with the jury during its deliberations.
This case arises out of a tragic motor vehicle accident which occurred on March 13, 1998, at the intersection of Oakland Park Boulevard and 117th Lane in Broward County, Florida. At that time Eric Brody was making a left-hand turn into a subdivision on 117th Lane when Deputy Sheriff Christopher Thieman, operating a BSO cruiser, proceeding westbound on Oakland Park Boulevard, collided with the vehicle operated by Eric, causing Eric to sustain catastrophic injuries.
Eric was transported from the scene by helicopter to Broward General Hospital, where he was diagnosed with broken ribs, a skull fracture, blood clots in his brain, and a large accumulation of blood on the right side of his head. He underwent an emergency craniotomy to reduce the brain swelling. The surgery was successful; however, Eric remained in a coma.
Eric remained in the intensive care unit at Broward General Hospital for four weeks, and then was transferred to Health South Rehabilitation Facility, where there is a coma stimulation program. Thereafter, Eric was transferred to a nursing home where he remained in a coma for approximately six months. After regaining consciousness, Eric remains confined to a wheelchair, unable to speak, and with severe incapacitating brain damage.
During the course of this trial, which was somewhat truncated by the effects of hurricane Wilma, numerous medical witnesses and accident reconstruction experts were called on behalf of Brody and, in the course of their testimony, either Plaintiff's counsel or the expert witness highlighted some of their testimony by either drawing diagrams or listing certain events concerning Eric's treatment on 32 inch by 26 inch poster boards. There were a total of 17 poster boards which were introduced into evidence, several of which were admitted without objection. The poster boards that BSO did object to were based on the assertion that they were cumulative of the witnesses' testimony. Prior to the conclusion of the testimony and submission to the jury, BSO argued that the summaries which had originally been objected to on the basis of being cumulative should be excluded based on this court's decision in Gold, Vann & White, P.A. v. DeBerry, 639 So.2d 47 (Fla. 4th DCA 1994).
In Gold, this court reviewed a judgment in a medical malpractice action, and after affirming a directed verdict on a contribution claim, found error in the admission of a "Mary Carter" settlement agreement. We stated, "[t]he agreement as presented subjected the nonparticipating parties to extreme prejudice which mandates reversal of the jury's verdict and a new trial." Id. at 55. Thereafter, this court stated that "[f]or the benefit of the trial court on retrial we will briefly discuss the following issues." Id. The court then addressed four issues, the fourth being the admission into evidence of certain summaries and charts of plaintiff's economic expert, Dr. Goffman. The court noted that those charts "became the basis of the exact amounts ordered by the jury," concluded "that it was error to *449 admit th[o]se charts into evidence" and stated, "[w]e therefore reverse as to this issue as well." Id. at 57.
Although this court concluded that the admission of the summaries constituted reversible error, there is no discussion of the rationale as to why this constituted reversible error other than to state that "we believe the better practice is to mark such exhibits as `Court Exhibit ____, Not in Evidence.' They can then be made part of the record, for appellate review, but should not be in evidence, nor given to the jury for their deliberations." Id.
In the instant case, to refer to the poster boards admitted into evidence as summaries is misleading. Several of the poster boards dealing with liability issues were in fact mere representations of what was revealed in photographs taken of the scene or the motor vehicles in question. These photographs were admitted into evidence without objection. Many of the poster boards consisted of bullet points of only portions of the testimony of witnesses.
We also note that, in Gold, there was no attempt by the court to do a harmless error analysis as is required by section 59.041, Florida Statutes (2006).[1] Unlike the summaries and charts introduced in Gold, which contained exact computations concerning the economic damages suffered as a result of the alleged malpractice, no such figures are contained in the poster boards introduced in this case. And unlike Gold, where the jury returned a compensatory award in the exact amount as reflected in Dr. Goffman's summaries and charts, there is no evidence that the jury, during its deliberation, relied upon the poster boards in question. Without a showing of prejudice, the admission of the poster boards constitutes harmless error. See Bottoson v. State, 443 So.2d 962 (Fla. 1983), cert. denied 469 U.S. 873, 105 S.Ct. 223, 83 L.Ed.2d 153 (1984).
In Bottoson, the defendant was convicted of first-degree murder and the death sentence was imposed. At the sentencing phase of the trial the state called an FBI agent who had investigated the defendant for a bank robbery in California. The agent identified an exhibit as papers relating to the defendant's conviction, but the state inadvertently neglected to offer the exhibit into evidence. After the jury retired to deliberate, the prosecuting attorney brought to the court's attention that the exhibit had somehow been included with the materials given to the jury. The defense moved to have the penalty phase retried before a new jury. The trial judge ruled it was harmless error. In affirming the trial judge, the court stated:
We agree with appellant that it is error for the jury to be exposed to materials that have not been properly introduced into evidence. However, before a mistrial can be granted, it must be shown that the existence of an unauthorized object in the jury room has somehow prejudiced the defendant. There is no prejudice where the information conveyed by the unauthorized materials merely duplicates evidence that had been properly presented to the jury at the trial. In this case the unadmitted *450 exhibit that was inadvertently allowed to go into the jury room merely reproduced the testimony of the FBI agent, which the jury had already heard. We therefore hold that the trial court did not abuse its discretion in denying the motion for mistrial.
Id. at 966 (citations omitted). As in Bottoson, even if the poster boards were wrongfully admitted into evidence, what was written on the poster boards merely reproduced the testimony of the witnesses, which the jury had already heard. Additionally, much of the information displayed on the various poster boards was not in dispute. We therefore conclude, as the court in Bottoson concluded, that any error was harmless.
Affirmed.
STONE and STEVENSON, JJ., concur.
NOTES
[1] Section 59.041, Florida Statutes (2006) states:

Harmless error; effect.  No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.